Dear Representative Smith:
You have asked this office to advise if Mr. Domoine D. Rutledge may serve as an elected member of the State Board of Elementary and Secondary Education while at the same time holding full-time appointive office as General Counsel to the East Baton Rouge Parish School System (EBRPSS).
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., govern our response to your question. An analysis applying these provisions first requires a determination of the types of positions held. Here, the members of the State Board of Elementary and Secondary Education are elected pursuant to La.Const. Art. VIII § 3, and thus hold electiveoffice within the executive branch of state government as defined by the dual officeholding statutes.[1] Further, the position of general counsel to a parish school board is specifically created by La.R.S. 42:261.1[2] and appointed by the school board, making the position an appointive office[3] *Page 2 
for purposes of applying the dual officeholding law. Further, the position is held on a full-time basis.[4]
Of potential concern here is La.R.S. 42:63(C), which provides the following:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
While La.R.S. 42:63(C) prohibits one from holding an elective office in the government of this state and at the same time holding full-time appointive office with the school board, a politicalsubdivision[5] of the state, there is an exemption which allows an individual employed in a professional educational capacity by a school board to at the same time hold elective office in the government of this state. La.R.S. 42:66(B) provides:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
Thus, where La.R.S. 42:66(B) applies, a person who is working in a professional educational capacity with the parish school board may at the same time serve as an elected member of a state board.
Here, we point out that the term "employed" used in La.R.S. 42:66(B) would encompass one holding appointiveoffice in a professional educational capacity. "Employ" as defined by Black's Law Dictionary, Fifth Edition, means "to engage one's service; to hire." Mr. Rutledge is a member of the Teachers' Retirement System by virtue of his employment with the school board, notwithstanding that he holds appointive office.
The phrase "professional educational capacity" is not defined by statute. However, this office has interpreted this phrase to include those employments where the job description includes dutiesthat affect the curriculum taught at the university or *Page 3 college, duties that require participation in the delivery ofeducational programs at the institution, or duties that require theplanning of long and short range educational goals for the students.See La. Atty. Gen. Ops. 03-0197, 02-0293, 020307, and 02-0076.
We restate Mr. Rutledge's job responsibilities, as provided in your letter to this office:
1. Mr. Rutledge's Impact on the Curriculum taught:
The EBRPSS offers a comprehensive curriculum that conforms to the standards promulgated by BESE and the State of Louisiana. As you may know, there are a number of statutory provisions that impact the curriculum. One of Mr. Rutledge's many responsibilities is to ensure that the EBRPSS conforms to these aforementioned dictates in its curriculum offerings.
2. Duties which require participation in the delivery ofeducational programs:
As General Counsel, Mr. Rutledge serves as a member of a Quality Support Team (QST). Mr. Rutledge along with three other individuals who make up the team, visit a selected school on a quarterly basis and make classroom visits. These visits are designed to gauge the quality of the instruction through personal observations. These observations include an assessment of the teacher's classroom management skills, the relative engagement of the students being taught, the content of the lesson, and the implementation of appropriate teaching strategies.
Moreover, student discipline is an essential component to the effective delivery of instruction. Mr. Rutledge is also primarily responsible for drafting and annually updating the school board's Student Rights and Responsibilities Handbook and Discipline Policy.
3. Duties which require the planning of long and short rangeeducational goals:
The EBRPSS is guided by a strategic plan. This plan was developed in its current form several years ago. Like all members of the school system's executive leadership team, Mr. Rutledge was a key participant in the development of this plan and is a key participant in its implementation.
Based upon the foregoing description of Mr. Rutledge's employment responsibilities, it is the opinion of this office that Mr. Rutledge may be considered to be working in a "professional educational capacity." His position ultimately impacts the educational curriculum in parish schools. For this reason, we consider the exemption of La.R.S. 42:66(B) applicable to him, and it is the opinion of this office that he may serve as an elected member of the State Board of Elementary and Secondary Education while at *Page 4 
the same time holding full-time appointive office as General Counsel to the East Baton Rouge Parish School System.
Finally, we also mention here the incompatibility provisions of La.R.S. 42:64(A)(4), which prohibit the holding of two offices or employments where "the incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment." Pursuant to La.Const. Art. VIII § 10(A), school boards are "subject to the control and supervision by the State Board of Elementary Education and the power of the legislature to enact laws affecting them." Because it is the school board, and not the General Counsel, which is answerable to BESE, it is the opinion of this office that La.R.S. 42.64(A)(4) is here inapplicable, because the General Counsel would not be "required by law to execute orders and follow directions" given by himself as an elected member of BESE.
This opinion is limited to an examination of the state law regulating dual officeholding and employment. Ethical concerns or situations involving conflicts of interest are resolved by the Louisiana State Board of Ethics. The Board renders advisory opinions regarding the Louisiana Code of Governmental Ethics, La.R.S. 42:1111, et seq. The mailing address for the Louisiana State Board of Ethics is P.O. Box 4368, Baton Rouge, Louisiana 70821, phone 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. La.R.S. 42:62(1) defines elective office as "any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof." See also La.R.S. 42:62(6), providing that the "executive branch of state government includes . . . members of the State Board of Elementary and Secondary Education . . ."
[2] La.R.S. 42:261.1 provides: "each parish and city school board in the state may select, employ, fix the salary of and pay its own general attorney, in which case the district attorney shall be relieved of responsibility to serve as counsel for such board."
[3] La.R.S. 42:62((2) defines appointive office as "any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof."
[4] The terms full-time and part-time are defined by La.R.S. 42:62(4) and (5) as follows:
(4) Full-time means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) Part-time means the period of time which a person normally works or is expected to work in an appointive office.
[5] La.R.S. 42:62(9) defines political subdivision as "a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's court, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions."